UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LETICIA ALVAREZ, )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>STATE FARM MUTUAL AUTOMOBILE )<br>INSURANCE COMPANY, *et al.*, )<br>)<br>Defendants. ) | Case No. 2:22-cv-172 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Leave Of Court To Amend Complaint [DE 24] filed by the plaintiff, Leticia Alvarez, on February 22, 2023. For the following reasons, the motion is **GRANTED**.

*Background*

On May 26, 2022, the plaintiff, Leticia Alvarez, filed her original complaint [DE 6] in Indiana State court against the defendants, State Farm Mutual Automobile Insurance Company (State Farm), Carl Harris, and John Doe, for, *inter alia*, injuries sustained during an automobile accident on October 31, 2020. On June 24, 2022, State Farm removed the case to federal court [DE 1] based on diversity jurisdiction. On September 2, 2022, the court held a preliminary pretrial conference and set February 28, 2023, as the last date for the parties to join additional parties or amend the pleadings.

During the discovery process, the plaintiff ascertained the true identity of the defendant driver as Carlandra Harris (Carlandra), previously named in the original complaint as "John Doe." On February 22, 2023, the plaintiff filed the instant motion [DE 24] seeking leave of the

court to amend her complaint to properly name Carlandra as a defendant. The plaintiff contends that because Carlandra is a citizen of Indiana the case should also be remanded pursuant to 28 U.S.C. § 1447(e). State Farm filed a response [DE 26] on March 31, 2023, stating that it had no objection to the plaintiff being permitted to add Carlandra as a party defendant but objecting to the argument that joining Carlandra warrants a remand. Additionally, defendant Carl Harris filed a separate response on March 31, 2023, [DE 27] opposing the motion in its entirety. On April 7, 2023, the plaintiff filed her reply [DE 28].

On May 22, 2023, the court held an evidentiary hearing providing each party the opportunity to present evidence related to Carlandra's citizenship and domicile. On June 16, 2023, both parties filed supplemental memoranda supporting their positions.

*Discussion*

**Federal Rule of Civil Procedure 15(a)(2)** provides that when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." If the underlying facts or circumstances relied upon are potentially a proper subject of relief, the party should be allowed to test the claim on the merits. **Foman v. Davis**, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. **Campbell v. Ingersoll Milling Mach. Co.**, 893 F.2d 925, 927 (7th Cir. 1990). However, after a case has been removed to federal court and a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, **Title 28 U.S.C. § 1447(e)** applies and provides the court with two options: (1) deny joinder, or (2) permit joinder and remand that action to state court. **Schur v. L.A. Weight Loss Ctrs., Inc.**, 577 F.3d 752, 759 (7th Cir. 2009). "These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Id.* at 759 (citations omitted).

2

The court must first determine Carlandra's citizenship to properly assess whether her joinder would destroy diversity. "The citizenship of a natural person for diversity purposes is determined of course by the person's domicile ..., which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). A person's domicile continues until the individual adopts a new domicile by moving to another state and demonstrating her intent to remain in that new state indefinitely. *Kaiser v. Loomis,* 391 F.2d 1007, 1009 (6th Cir. 1968). Allegations of residency in another state cannot by themselves establish that an individual's domicile has changed. See *Lyerla*, 461 F Supp. 2d at 835 (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state").

To determine where an individual intends to remain, courts look for objective manifestations of intent such as where the individual is employed and registered to vote; where she pays taxes; the location of her bank accounts, personal property, and any land she owns; and whether the individual belongs to any clubs or organizations. **15 *Moore's Federal Practice* § 102.36[1]** (3d ed. 2005).

According to the testimony and records presented during the evidentiary hearing on May 22, 2023, Carlandra was born and raised in Indiana and graduated from Hammond High School in 2019. At the time of her graduation, Carlandra was living at 617 Cherry Street in Hammond, Indiana, with her mother, Kassandra Tucker. According to Tucker, Carlandra lived with her until June or July of 2022 at which time she left, leaving her personal belongings behind. Carlandra's current whereabouts are unknown, but her father, Carl Harris, and Tucker claimed that the last they heard Carlandra was in a treatment facility in Kentucky. Still, Carlandra continues to

3

receive mail at the 617 Cherry Street address and her medical providers remain in Hammond, Indiana.

In examining the evidence, the court finds that Carlandra's domicile remains in Indiana despite her lack of physical presence within the state. Carlandra left her personal property at 617 Cherry Street in 2022, suggesting that she did not intend to permanently leave the state at that time. Furthermore, Carlandra still has an active voter registration in Indiana and has not changed medical providers which are based in Indiana. No evidence suggests that Carlandra intends to remain in another state besides Indiana. Additionally, a treatment facility cannot be considered a permanent residence.

Because Carlandra is a resident of Indiana, her joinder would destroy diversity jurisdiction. "A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Schur*, 577 F.3d at 759. (citing *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999)). The Seventh Circuit has identified a four-factor test to determine whether post-removal joinder of a non-diverse party is appropriate. *Schur*, 577 F.3d at 759. Those factors include: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* (citations omitted). It is within the court's discretion to grant or deny joinder, and the court should balance certain equities to make this determination. *Id.* The court will consider each of these factors in turn.

**(1) The Plaintiff's Motive For Seeking Joinder**

Although the plaintiff does not address her motivation directly, she suggests the purpose of joining Carlandra is to permit a full and fair litigation of her claim. The defendants do not address the plaintiff's motive for seeking joinder in their responses.

Still, one relevant factor articulated by the Seventh Circuit for "scrutinizing the plaintiff's motives for joining a nondiverse party" is to consider the fraudulent joinder doctrine. ***Schur***, 577 F.3d at 764. "If a defendant can carry the 'heavy burden' of proving fraudulent joinder, this would counsel against joinder." *Id.* (citation omitted). That said, the fraudulent joinder inquiry, by itself, is not dispositive of the plaintiff's motive for seeking post-removal joinder under § 1447(e). *Id.* ("[T]he doctrine is but one means to discern whether the plaintiff sought only to destroy complete diversity.").

Fraudulent joinder requires a defendant to "bear a heavy burden." ***Poulos v. Naas Foods, Inc.***, 959 F.2d 69, 73 (7th Cir. 1992). A defendant must establish that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the non-diverse defendant. *Id.* Thus, for State Farm to establish that joinder is fraudulent, it must show that "there exists no reasonable possibility that a state court could rule against the [non-diverse defendant]," here, Carlandra. ***Schwartz v. State Farm Mut. Auto. Ins. Co.***, 174 F.3d 875, 878 (7th Cir. 1999). In other words, the court must determine whether, based on Indiana state law, there is a reasonable possibility that the plaintiff could recover against Carlandra.

To prevail on her negligence claim under Indiana law, the plaintiff must show "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." ***King v. Ne. Sec., Inc.,*** 790 N.E.2d 474, 484 (Ind. 2003). Here, based on the

plaintiff's proposed amended complaint, there is a reasonable possibility that a state court would find that she has stated a viable negligence claim against Carlandra. Given the lack of argument otherwise, the court finds that there is no fraudulent joinder. Thus, the motive factor weighs in favor of joinder.

**(2) The Timeliness Of The Request To Amend**

"[A]n extensive delay between removal and a motion to amend typically weighs against permitting joinder." *Schur*, 577 F.3d at 767. That said, a motion to join new defendants may be timely when plaintiff seeks leave to amend within a reasonable time after learning of her involvement in the incident. *Id.* Here, the plaintiff's motion is timely. This case was removed on June 24, 2023, and the plaintiff filed the instant motion to amend the pleadings on February 22, 2023, six days before the scheduling deadline on February 28, 2023. The plaintiff learned that Carlandra was the driver of the vehicle on October 14, 2022, about four months before seeking leave to join Carlandra as a defendant. The plaintiff's slight delay between learning of Carlandra's role and seeking to amend, along with the short delay between removal and seeking to amend, favors joinder.

Still, defendant Carl Harris argues that the plaintiff's motion should be denied because the statute of limitations for this incident expired on October 31, 2022, rendering the proposed amendment futile. Harris claims that he will be prejudiced if the plaintiff is allowed to amend the complaint after the statute of limitations has passed. This argument lacks merit. The plaintiff filed a negligence action in state court against Carlandra on October 28, 2022, three days before the statute of limitations expired. Thus, the plaintiff's federal action was, for purposes of the statute of limitations, the same action initiated in state court.

**(3) Injury To The Plaintiff If Joinder Is Not Allowed**

"Under this factor, the Court is required to balance the risk that the plaintiff will experience significant injury by pursuing multiple lawsuits if the amendment is not allowed with the risk that a defendant will be prejudiced if the amendment is allowed." *Grinston v. Cypress Media, LLC*, No. 10-cv-0851, 2011 WL 833969, at *4 (S.D. Ill. Feb. 21, 2011) (citation omitted). Here, the plaintiff will likely face added expense and difficulty if she must pursue litigation against Carlandra in state court and State Farm and Carl Harris in federal court over the injuries resulting from the same accident. *See id.* Thus, this third factor favors granting the plaintiff's leave to amend.

**(4) Equitable Considerations**

The defendants make no claim of prejudice that would result if this case was remanded to state court or offer any reason why the court should disregard the presumption in favor of the plaintiff's choice of forum. *See **Doe v. Allied—Signal, Inc.**,* 985 F.2d 908, 911 (7th Cir. 1993). Consequently, there is no basis to conclude that either defendant will be prejudiced by the joinder of Carlandra and by having to defend this action in state court.

*Conclusion*

Based on the foregoing reasons, the Motion for Leave Of Court To Amend Complaint [DE 24] is **GRANTED.** Because Carlandra will be added, diversity jurisdiction is destroyed, and this case must be remanded to the Lake Circuit Court.

ENTERED this 13th of July, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge